UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JASPER F. WILSON,

    Plaintiff,

v.

N. GRANNIS, Chief, Inmate Appeals; DR. BUSCHO; DR. SCHETLES; D. WINSLOW, M.D.; A. THACKER, CHSA II; M McLEAN, FNP; R. SENIOR, RN; and BLACKMAN, MTA,

    Defendants.

No. C 07-2018 PJH (PR)

**ORDER OF SERVICE**

Plaintiff, an inmate at Salinas Valley State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

**DISCUSSION**

**A.    Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary;

the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'"  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face."  *Id.* at 1986-87.[1]

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff had a serious back problem which caused him great pain.  Subsequent to the events which gave rise to this lawsuit he received a "microdiscectomy."

Plaintiff alleges that when he arrived at Pelican Bay State Prison on October 12 of 2004 he had completed a long bus ride from High Desert State Prison while in shackles, and as a result could hardly walk and was hunched over.  He asserts that defendant Blackman, despite having his medical files with full documentation of the severity of his back injury, did not provide medical care.  This is sufficient to state a claim against Blackman.

///

---

[1] *Bell Atlantic Corp.* disapproved the "no set of facts" language in *Conley v. Gibson*, 355 U.S. 41 (1957).  *Conley* had stated "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Id.* at 45-46.  *Bell Atlantic Corp.* decided that "this famous observation has earned its retirement.  The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard."  *Bell Atlantic Corp*, 127 S. Ct. at 1969.

Plaintiff alleges that on October 18, 2004, defendant doctors Schetles and Buscho denied him adequate medical care in that they ignored an MRI that showed the extent of his injury, that he was in pain, and that he needed care. This is sufficient to state a claim against them.

Plaintiff alleges that on October 19, 2004, defendant R. Senior, RN, responded to a grievance but "decided to not actually address plaintiff's most serious medical problem." He has attached the grievance to the complaint and it shows that Senior's response was that he had been seen by the doctor the day before, that an "urgent neurosurgery consult was submitted" that day, and that he was scheduled to see the doctor the day of the response, October 19th. Plaintiff has failed to state a claim against Senior.

Plaintiff alleges that on January 3, 2005, defendant Thacker, who is a correctional health services administrator, reviewed his file but failed to ensure that proper medical care was provided. This is sufficient to state a claim against Thacker.

Plaintiff alleges that on January 11, 2005, defendant doctor Winslow denied his inmate appeal and refused to provide the necessary medical care, despite having been alerted to the need for it by the grievance. This is sufficient to state a claim against Winslow.

Finally, plaintiff asserts that N. Grannis, despite being alerted to his need for medical care by his grievance, failed to ensure that he received the needed care. This is sufficient to state a claim against her.

**CONCLUSION**

1. Plaintiff's claim against defendant Senior is **DISMISSED**.

2. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint with attachments and copies of this order on N. Grannis, Chief, Inmate Appeals, Department of Corrections and Rehabilitation, Sacramento, and on the following at Salinas Valley State Prison: Dr. Buscho; Dr. Schetles; D. Winslow, M.D.; A. Thacker, CHSA II; M. Mclean, FNP; and Blackman, MTA.

///

3. In order to expedite the resolution of this case, the court orders as follows:

    a. No later than sixty days from the date of service, defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date their summary judgment motion is due. All papers filed with the court shall be promptly served on the plaintiff.

    b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than thirty days from the date the motion was served upon him. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

    c. If defendants wish to file a reply brief, they shall do so no later than fifteen days after the opposition is served upon them.

    d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

4. All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) is required before the

4

parties may conduct discovery.

6. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: October 15, 2007.

PHYLLIS J. HAMILTON
United States District Judge

United States District Court
For the Northern District of California

G:\PRO-SE\PJH\CR.07\WILSON2018.SRV.wpd

5

## NOTICE -- WARNING
## (SUMMARY JUDGMENT)

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING**

**(EXHAUSTION)**

If defendants file an unenumerated motion to dismiss for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.