UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JASPER F. WILSON,

    Plaintiff,

v.

N. GRANNIS, Chief, Inmate Appeals; DR. BUSCHO; DR. SCHETLES; D. WINSLOW, M.D.; A. THACKER, CHSA II; M McLEAN, FNP; R. SENIOR, RN; and BLACKMAN, MTA,

    Defendants.

No. C 07-2018 PJH (PR)

**ORDER GRANTING DEFENDANT GRANNIS' MOTION TO DISMISS AND DENYING MOTION TO DISMISS BY M. MCLEAN, D. WINSLOW, AND A. THACKER; ORDER REGARDING SERVICE; REQUEST TO MARSHAL**

    This is a civil rights case filed pro se by a prisoner now at Salinas Valley State Prison. The complaint involves events when he was housed at Pelican Bay State Prison. The court found cognizable under 42 U.S.C. § 1983 plaintiff's claims for deliberate indifference to serious medical needs against defendants Grannis, Buscho, Schetles, Winslow, Thacker, McLean and Blackman. The court dismissed the claim against defendant Senior.

    Defendant Grannis and defendants McLean, Winslow, and Thacker have filed motions to dismiss. For the reasons set forth below, Grannis' motion will be granted and the motion by McLean, Winslow, and Thacker will be denied.

## DISCUSSION

**I.    Standard of Review**

    In ruling on a motion to dismiss for failure to state a claim, review is limited to the contents of the complaint, *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir.

1

1  1994), including documents physically attached to the complaint or documents the
2  complaint necessarily relies on and whose authenticity is not contested. *Lee v. County of*
3  *Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). In addition, the court may take judicial
4  notice of facts that are not subject to reasonable dispute. *Id.* at 688 (discussing Fed. R.
5  Evid. 201(b)). Allegations of fact in the complaint must be taken as true and construed in
6  the light most favorable to the non-moving party. *Spreewell v. Golden State Warriors*, 266
7  F.3d 979, 988 (9th Cir. 2001). The court need not, however, "accept as true allegations
8  that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."
9  *Id.*

10  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of
11  the claim showing that the pleader is entitled to relief." "Specific facts are not necessary;
12  the statement need only '"give the defendant fair notice of what the . . . . claim is and the
13  grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations
14  omitted). Although in order to state a claim a complaint "does not need detailed factual
15  allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief'
16  requires more than labels and conclusions, and a formulaic recitation of the elements of a
17  cause of action will not do. . . . Factual allegations must be enough to raise a right to relief
18  above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65
19  (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief
20  that is plausible on its face." *Id.* at 1986-87.

21  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
22  elements: (1) that a right secured by the Constitution or laws of the United States was
23  violated, and (2) that the alleged deprivation was committed by a person acting under the
24  color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

25  Pro se pleadings must be construed liberally on a defendant's motion to dismiss for
26  failure to state a claim. *Ortez v. Washington County Oregon*, 88 F.3d 804, 807 (9th Cir.
27  1996).

28

## II. Background

The complaint alleges that plaintiff had a serious back problem which caused him great pain. Subsequent to the events which gave rise to this lawsuit he received a "microdiscectomy." Plaintiff alleges that when he arrived at Pelican Bay State Prison on October 12, 2004, he had completed a long bus ride from High Desert State Prison while in shackles, and as a result could hardly walk and was hunched over. He asserts that defendant Blackman, despite having his medical files with full documentation of the severity of his long-standing back injury, did not provide medical care.

Plaintiff further alleges that on October 18, 2004, defendant doctors Schetles and Buscho denied him adequate medical care in that they ignored an MRI that showed the extent of his injury, that he was in pain, and that he needed care.

Plaintiff alleges that on January 3, 2005, defendant Thacker, who is a correctional health services administrator, reviewed his file but failed to ensure that proper medical care was provided. Plaintiff also alleges that on January 11, 2005, defendant doctor Winslow denied his inmate appeal and refused to provide the necessary medical care, despite having been alerted to the need for it by the grievance.

Finally, plaintiff alleges that defendant N. Grannis, despite being alerted to his need for medical care by his grievance, failed to ensure that he received the needed care.

## III. Grannis' Motion to Dismiss

Grannis correctly points out that her response to plaintiff's director's level grievance was after his microdiscectomy. It thus is clear that Grannis did not have notice of plaintiff's back problems until after he had received the operation he needed, and because he has not claimed that he had any back problems after the operation, he has not stated a claim against her. Grannis' motion to dismiss will be granted.

## IV. Motion to Dismiss by Defendants M. McLean, D. Winslow, and A. Thacker

These movants contend that plaintiff has failed to state a claim against them because his allegations in the complaint and attachments are sufficient to show that they

3

were not deliberately indifferent. They also contend that they are entitled to qualified immunity. Thacker and Winslow also contend that plaintiff has failed to state a claim against them because respondeat superior claims are not permissible in section 1983 suits like this one.

Movants contend that the complaint and the attached administrative appeals show that plaintiff received a substantial amount of medical care after he arrived at Pelican Bay State Prison. This really is a claim that the attachments, specifically the responses to plaintiff's administrative appeals, show the provision of substantial medical care – the complaint itself does not provide the details referred to in the motion, and movants' citations are to the administrative appeal responses.

It is true that Rule 10(c) of the Federal Rules of Civil Procedure provides that pages attached to a complaint are part of the complaint "for all purposes." Fed.R.Civ.P. 10(c). Contrary to appearances, however, that does not mean that all the facts set forth in the attachments are to be treated as true. *Guzell v. Hiller*, 223 F.3d 518, 519 (7th Cir. 2000) (Posner, J.). "A plaintiff in a libel suit who attached the allegedly libelous article to his complaint would obviously not be vouching for the truth of the libelous assertions in the article." *Id.* (citing *Gant v. Wallingford Bd. of Educ.*, 69 F.3d 669, 674 (2d Cir. 1995)). "The plaintiff's purpose in attaching an exhibit to his complaint determines what assertions if any in the exhibit are facts that the plaintiff has incorporated into the complaint." *Id.*

In this case, plaintiff attached the grievance and responses to show that he had exhausted. He thus did not vouch for the truth of the statements in the responses to his grievance, and they cannot be assumed to be true for purposes of ruling on this motion. Because the complaint itself does not contain the facts movants rely on, there is no basis to consider that care in ruling on the motion to dismiss. This part of the motion is without merit.

Alternatively, even considering the attachment it cannot be said that plaintiff has failed to state a claim. Plaintiff arrived at Pelican Bay on October 12, 2004, bent over and

4

in severe pain from a long ride in shackles from High Desert State Prison. According to the grievance response he was seen on October 18, 2004, a "neurosurgery consult was submitted" that day, and he was "scheduled" to see a doctor the next day. Although there is nothing directly showing that these happened, the second level appeal response refers to a meeting with defendant McLean, a nurse, on December 29, 2004, "as a follow-up to your Neurology and Neurosurgery consultations." Compl, Attach. at 6. This was nearly three months after plaintiff arrived at the prison, time during which he contends he was suffering excruciating back pain. McLean is said in the response to have issued a "Utilization Management form" for a microdiscectomy and another MRI. *Id.* The microdiscectomy was not performed, however, until March 16, 2005, another three and half months later. Although it may be that when the facts are further developed it will turn out that plaintiff cannot show deliberate indifference to a serious medical need, the allegations of the complaint, including the facts in the attachment, are sufficient to state a claim.

Separately, Thacker and Winslow contend that their only involvement was to review plaintiff's administrative appeal, and thus that the claim against them is a respondeat superior claim. Respondeat superior claims are not permissible in section 1983 suits like this one. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). However, Thacker and Winslow are wrong that they cannot be held liable simply because they were informed of plaintiff's serious medical need and failed to do anything about it. That a prisoner-plaintiff wrote to prison administrators asking for help with a medical problem and that prison administrators failed or refused to address the problem, is sufficient to state a claim for deliberate indifference against them. *Jett v. Penner*, 439 F.3d 1091, 1098 (9th Cir. 2006). That is, plaintiff's claim is not a respondeat superior claim, so this ground is without merit.

Movants also contend that the complaint should be dismissed because on the face of the complaint they are entitled to qualified immunity. As discussed above, the entire attachment cannot be treated as true for purposes on this motion, so there is no factual basis for movants' contention that plaintiff received so much medical care that a reasonable

5

person in their position would not have known that he or she was violating plaintiff's constitutional rights. Alternatively, a reasonable person in the position of each of these movants would have known that delaying surgery for an excruciating back injury for the time periods involved here was a constitutional violation.

The motion to dismiss by defendants Mclean, Winslow, and Thacker will be denied.

**V.    Service Issues**

In the initial reivew order the court ordered service on "Grannis . . . Dr. Buscho; Dr. Schetles; D. Winslow, M.D.; A. Thacker, CHSA II; M. Mclean, FNP; and Blackman, MTA." The order erroneously gave Salinas Valley State Prison as the address for service of Buscho, Schetles, Winslow, Thacker, Mclean, and Blackman, but nevertheless Winslow, Thacker and McLean were successfully served. The summonses issued to Buscho, Schetles, and Blackman have been returned. The return for Dr. Buscho says he is deceased. The return for Schetles says that "by name given, unable to locate at Salinas Valley State Prison." The return for Blackman says that he or she resigned in 2005, indicates that the summons was re-mailed to a forwarding address, and says that it then was returned with a notation "unable to forward." Service will be ordered on Schetles at Pelican Bay. The marshal will be asked to employ the established procedures for finding a service address for former CDCR employee Blackman.

## CONCLUSION

1. The motion to dismiss by defendant Grannis (document number 12 on the docket) is **GRANTED**.

2. The motion to dismiss filed by defendants McLean, Winslow, and Thacker is **DENIED**.

3. The clerk shall issue summons and the marshal shall serve defendant Dr. Schetles at Pelican Bay State Prison. If service is achieved, the parties shall follow the motion schedule set out in the initial order of service, which is calculated from the date of service.

6

4. The marshal is asked to employ the established procedures for locating CDCR employees or ex-employees, including contacting the litigation coordinator at Pelican Bay State Prison, and, if that is unsuccessful, the Liability Response Unit at the CDCR in Sacramento, to find an address at which defendant MTA Blackman can be served. If such an address is found, the clerk shall issue a summons for this defendant and the marshal shall serve Blackman. If a summons is issued, the clerk shall provide a copy of the complaint to be served with the summons. If service is achieved, the parties shall follow the motion schedule set out in the initial order of service.

**IT IS SO ORDERED.**

Dated: September 26, 2008.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.07\WILSON2018.MTD.wpd

7